Smith J.
These two cases were heard on a demurrer filed to amended petitions, filed by leave in this court after the cases came here on appeal. The petitions are sustantially similar, and aver in substance, that the village of Pleasant Ridge is a municipal corporation, and that of Mrs. Wood avers that she is the owner and in possession of lot 14, in said village, bounding and abutting, and on the west side of Liberty street, between Williams street and Woodford road in said village, and that she is a tax-payer of said village. That on January 15, 1895, the council of said village passed an ordinance to establish the grade of Liberty street from Montgomery Pike to Woodford road, a copy of which ordinance is set out, and on January 21, 1896, it passed a resolution declaring if necessary to improve Liberty street between Williams street and Woodford road, in accordance with the plans and profiles on file in the office of Harper, Engineer, the cost and expenses of the improvement and the damages, if any, to be assessed per front foot on the lands bounding and abutting thereon, a copy of which notice was duly served upon the plaintiff. That no one of the owners of property bounding and abutting thereon petitioned for said improvement. That the ordinance to establish the grade of Liberty street contains no description of any grade for Liberty street, and that the plans and profiles for the improvement were kept in the office of J. M. Harper, Engineer, in the city of Cincinnati, and at the time she was served with a notice of the passage of the resolution to improve, no grade had been established, and the plans and profiles for the improvement were inaccessible to her. That afterwards the council passed an ordinance to improve the same in conformity with the resolution to improve.
Plaintiff then avers that a knowledge of the grade of the street and of the plans and profiles for the improvement was essential to her in preparing a claim for damages to her real *179 estate by reason of said improvement, and that prior to the passage of said last ordinance, and until the expiration of the time for filing her claim for damages, she had no such knowledge. That the cost of the improvement will exceed $500, and that the village has advertised for bids for such improvement to be received at the office of Harper, Engineer, in Cincinnati, and that they were there received and read March 23, 1896. That the clerk is about to report said bids to a meeting of the village council, held in advance of the next regular meeting of the council after the receiving of the bids. That her said real estate has already been assessed per foot for the improvement of Woodford road, and that the combined assessments for that and this improvement is largely in excess of 25 per cent of the value thereof, and that the excess of the assessment thereon must be paid out of the general revenue of the village, and that there is now no money in its treasury to pay the same, and that the clerk has made no certificate that the money to pay the contract price, on the excess of the 25 per cent valuation, is in the treasury of the village. That unless restrained, the mayor and council will at an irregular meeting receive the bids and accept them and award the contract, and that the contractor will enter upon the improvement of said street in front of the premises of the plaintiff.
That such acts would be an abuse of the corporate power of the village; that such contracts would be in contravention of the laws and ordinances governing the village; that such improvement under those proceedings would inflict great and irreparable injury to plaintiff and her property, in preventing her from ascertaining the damages done to her property, and having it included in the cost of the improvement, and in barring her from presenting her claim to the council and receiving compensation therefor, and in placing on her property a proportionate part of the excess of 25 per cent of the value thereof.
*180 L’ She, therefore, prays that the defendants be enjoined from receiving or acting on such bids, and from making a contract for said improvement under these proceedings.
The defendants demur upon the grounds, 1st, that the plaintiff has no legal capacity to sue and maintain the action; and 2nd, because the petition does not state facts sufficient to constitute a cause of action against the defendants.
The case was argued at some length, and several questions raised by counsel. As to those we deem material, we announce our conclusions briefly.
In the first place, it seems clear to us that these actions cannot be maintained, as claimed, under the provisions of Sec. 1778 Rev. Stat. If this section gives the right to a tax-payer to institute a suit “to restrain the misapplication óf funds of a municipal corporation, or the abuse of its corporate powers, in the execution or performance of any contract made in behalf of the corporation in contravention of the laws or ordinances governing the same,” (as jirovided in Sec. 1777), in a municipal corporation which has no solicitor, (which is open to question), this action must be brought by the tax payer “in his own name on behalf of the corporation.” That was not done in this case, and it must stand as an action by the plaintiff in her own right and to assert some legal right or claim of her own.
Does the petition state facts which entitle her to the relief claimed,or any part of it? We'are of the opinion that' there are no facts averred therein which show that any of the steps already taken by the council, or which it is alleged are about to be taken, will work irreparable injury to the plaintiff or her property. This is necessary to entitle her to the relief sought. “The mere statement in the petition that the injury is irreparable, is insufficient on demurrer” 31 Ohio St. 120.
• Her allegation is that owing to the fact that the grade was not properly fixed by the ordinance of January, *181 1895, she was unable to know the grade of the street, or of the improvement, and thereby was prevented from presenting a claim for damages until too late, and that thereby she may be barred. We think it doubtful if this is correct. If the grade was not properly fixed by council, we think when the improvement is made, she would be authorized to recover any damages she might sustain. But on the allegations of the petition the improvement was to be made according to the plans and profiles then adopted by council for the improvement, and they may have fixed a new grade. So far as we can see there is no statute of the state requiring village councils to establish grades of streets by ordinance, before ordering their improvement. It should of course be done by a separate ordinance,or by the resolution or ordinance to improve on a certain grade. If it was so done in this case, they were on file in the office of the Engineer, and could have been seen by plaintiff. We think it better practice to have them on file at some place within the municipal corporation, but would be loth to hold that the proceedings could be enjoined by an owner of land abutting on a proposed improvement if it were not done. The validity of assessments made for such an improvement can be contested by the owner of land assessed therefor, under the provisions of Sec. 5848, Rev. Stat., and we think that- he is not at liberty before any such assessment is made or the work done, to come into court, and for the reason as he claims that there are some defects in the proceedings, have the council enjoined from making a contract for the improvement. This can be done in some cases under Section 1778, by a tax payer who sues on behalf of the corporation itself. But this is a special provision, and is not to be applied to cases other than those mentioned.
Entertaining those views, it is really unnecessary that we should pass upon the question whether the ordinance for this improvement and assessment is invalid, for the reason that *182 the provisions of the Burns Law, Sec. 2702 Bev. Stat. ,were not complied with, the clerk not having certified that there was money in the treasury of the village specially set apart to meet the expenditure. We think this statute does not apply to a case of this kind. It was not in the contemplation of council that any part of the expense of this improvement was to be paid by the village. The whole cost of the improvement was to be assessed upon the abutting lands, and presumably would be paid by the owners thereof. The case is entirely different from that of Holmes vs. Avondale, 11 O. O. Rep., 430, recently decided by this court, where one half of the whole cost of the improvement was by the special statute to be paid absolutely by that village.
O. W. Baker, attorney for Plaintiff.
W. E. Bundy, attorney for Defendant.
The demurrers, therefore,should be sustained and the petition dismissed, unless the plaintiff desires to plead further. But the entry of dismissal should expressly save the rights of plaintiffs to contest the validity and amount of any assessment that may be made upon the property on any ground, and not to bar in any way their right to claim damages to their property caused by such improvement.